UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                        Civil Action No. 09-10482
v.                                       Crim. Case No. 06-20478

Tobias Mitchell,                       Honorable Sean F. Cox

    Defendant/Petitioner.
_____/

## OPINION & ORDER DENYING
## MOTION TO VACATE SENTENCE UNDER 28 U.S.C. §2255

This matter is before the Court on a motion filed by Defendant/Petitioner Tobias Mitchell ("Mitchell"), pursuant to 28 U.S.C. § 2255, to vacate his sentence. For the reasons that follow, the Court shall DENY the motion.

### BACKGROUND

Mitchell was indicted in Case No. 06-20478 on September 22, 2006. That case was assigned to this Court. Mitchell was charged with two counts: possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"); and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(iii) ("Count 2").

Represented by counsel, Mitchell pleaded guilty to Count 2 on October 12, 2007. On February 6, 2008, this Court sentenced Mitchell on Count 2. The Judgment, issued on February 14, 2008, reflects that this Court sentenced Mitchell to term of imprisonment of 240 months. (Docket Entry No. 18). Count 1 was dismissed on the motion of the Government.

Notably, Mitchell did not file a direct appeal.

On February 6, 2009, Mitchell filed this instant motion under 28 U.S.C. § 2255, seeking to vacate his sentence.

## ANALYSIS

In his § 2255 motion seeking to vacate his sentence, Mitchell asserts the following four grounds for relief:

> Ground One: I am actually and factually innocent of violating 18 U.S.C. § 922(g)(1).
>
> Supporting Facts: I was charged with Felon in Possession- of a Firearm in Violation of 18 U.S.C. §924(E).  I was no longer on any type of probation or supervised for the State of Federal Penal Systems, and my Rights were Restored.  The charges filed against me are to be vacated and dismissed with prejudice.
>
> Ground Two: I am actually and factually innocent of violating 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii).
>
> Supporting Facts: I was charged with Possession with intent to distribute cocaine in Count I, Indictment No. 06-cr-20478 and Count 2 charged, Possession with intent to distribute 50 Grams or more of Cocaine Base.  I was never found to be in possession of any substances and the conviction is to be vacated and dismissed with prejudice.
>
> Ground Three: Evidence Obtained in Violation of the Constitution and is to be excluded and all charges dismissed with prejudice.
>
> Supporting Facts: DEA Agents went to my Apartment without having a warrant to enter from a Magistrate Judge.  During the search of my residence, they apprehended my wife and arrested her after finding some cocaine.  The Agents did not have a warrant, the evidence used against me was obtained in violation of the Constitution and the charges are to be dismissed with prejudice.
>
> Ground Four: Actual and Factual Innocent of the Mandatory use of the Guidelines Armed Career Criminal Statute §4B1.4
>
> Supporting Facts: On February 6, 2008, I went before U.S. District Judge, Steeh.  After he adopted the PSR, he then imposed a 262 month term of imprisonment after adopting the Armed Career Criminal Statute § 4B1.4.  The court used the Guidelines as though they were mandatory in violation of a law of the United States.  The sentence is to be vacated and a sentence without the attachments of the guidelines imposed.

(Docket Entry No. 13).

A.   Grounds One and Four Are Not Properly Before This Court.

Section 2255 provides that "a prisoner in custody under sentence of a court" who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may *move the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added).

Only grounds two and three apply to the conviction and sentence in the criminal action that this Court presided over, Case No. 06-20478.

Grounds one and four relate to Mitchell's conviction and sentence in Case No. 07-20406 before the Honorable George Caram Steeh. Mitchell was indicted in Criminal Case No. 07-20406 and that action was assigned to Judge Steeh. The docket reflects that Mitchell pleaded guilty to Count I in that action, Felon in Possession of a Firearm; Armed Career Criminal, in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). (*See* Docket Entry No. 12 in Case No. 07-20406). Thus, *this Court* did not impose any sentence upon Mitchell for being a felon in possession of a firearm in violation of 18 U.S.C. §924(E) and therefore the first ground for relief is not properly raised before this Court. Ground Four is also to be raised before Judge Steeh. In fact, Mitchell has a § 2255 motion currently pending before Judge Steeh wherein he asserts grounds one and four.

Accordingly, this Court need only address grounds two and three of the Motion.

B.   Mitchell Procedurally Defaulted His Claims:

As Ground Two of Mitchell's § 2255 motion, he asserts that he is "actually and factually

innocent of violating 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii)." As Ground Three, he asserts that evidence was seized from his apartment without a warrant[1] and should have been suppressed.

Mitchell's guilty plea as to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(iii) ("Count 2"), and his failure to pursue a direct appeal, however, severely limit the availability of collateral attack under 28 U.S.C. § 2255. *Bousley v. United States*, 523 U.S. 614, 621 (1998). As explained in *Bousley*:

> "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984). And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994).

*Bousley*, 523 U.S. at 621. Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas. *Id.*

Here, Mitchell has not challenged the validity of his guilty plea. In failing to do, Mitchell procedurally defaulted the claims he now presents. *Id.*

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley*, 523 U.S. at 622. To establish "actual innocence," the petitioner must demonstrate that "in light of all the evidence," it

---

[1] As the Government notes, this claim is without a basis in fact in any event. The officers did have a warrant to search Mitchell's apartment. A copy of the search warrant is attached to the Government's Response. (Docket Entry No. 23-2).

is "more likely than not that no reasonable juror would have convicted him." *Id*. at 623. Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Id*.

Here, nothing in Mitchell's motion addresses why he failed to present his challenges to this Court or the Sixth Circuit. Thus, Mitchell has not established cause for his failure to previously raise these claims.

In addition, Mitchell fails to allege any facts, as he is required to do, to establish actual innocence. *Green v. Wingo*, 454 F.3d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735. Like the petition filed in *Green,* Mitchell's § 2255 motion contains only conclusions, "with no factual material upon which to test the validity of those conclusions. Such a pleading does not call for an evidentiary hearing." *Green*, 454 F.3d at 53. Accordingly, Mitchell's allegations are insufficient to demonstrate actual innocence.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Mitchell's § 2255 Motion is DENIED.

IT IS SO ORDERED.

                                                     S/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge

Dated: November 19, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                              Civil Action No. 09-10482
v.                             Crim. Case No. 06-20478

Tobias Mitchell,               Honorable Sean F. Cox

    Defendant/Petitioner.
_____/

PROOF OF SERVICE

    I hereby certify that on November 19, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Tobias Mitchell #11573-039
P. O. Box 8000
Bradford, PA 16701

                              S/J. Hernandez
                              Case Manager